GUSTAV G. SCHWARZROCK, RELATOR, v. BOARD OF EDU-
CATION OF BAYONNE, RESPONDENT.

Argued May 7, 1917—Decided July 6, 1917.

1. Under section 10 of the School law (*Comp. Stat., p.* 4727) the
   commissioner of education has jurisdiction in controversies in-
   volving the removal, by a local board, of a person from a position
   existing under the School law.
2. The hearing by the commissioner of education in any controversy
   or dispute of which he has jurisdiction by virtue of the pro-
   visions of section 10 of the School law, is a new hearing, and he
   is not limited to a mere review of evidence taken before the
   local board.
3. The action of the state board of education in setting aside the
   removal of a person from a position existing under the School law,
   has the effect of a judgment, and a *mandamus* will issue thereon
   in a proper case, commanding the payment of the salary due
   such person. Such a case is presented when it appears that he
   has always been ready and willing to perform his duties and
   that there are funds in hand applicable to the payment of the
   amount due him.

On *certiorari* of decision of state board of education, and
on demurrer to alternative *mandamus.*

Before Justice SWAYZE, by consent.

For Schwarzrock, *Mark Townsend, Jr.*

For the board of education, *Daniel J. Murray.*

The opinion of the court was delivered by

SWAYZE, J. The *certiorari* at the suit of the board of edu-
cation brings up the decision of the state board affirming the
commissioner of education and reversing the action of the
local board removing Schwarzrock from the position of super-
visor of buildings and repairs.

1. I agree with the state board that the controversy was one
of which the commissioner of education and the state board
had jurisdiction under section 10 of the School law. That

controversy was whether the local board had rightfully removed Schwarzrock from a position existing under the School law. The proceeding could only result in either affirming or reversing the removal. It could not result in any binding judgment as to his guilt or innocence of the charge of attempting bribery; the finding that he was guilty or innocent could only be a finding for the purpose of action by the board, not for the purposes of the criminal law. Whether in such a case the board should act before action is taken by the criminal courts is a matter resting in the discretion of the board.

2. It necessarily results from the provision that the facts involved in any controversy or dispute shall be made known to the commissioner by written statements verified by oath and accompanied by certified copies of documents, that the hearing before him should be a new hearing, and that he is not limited to a mere review of evidence taken before the local board. An examination of the evidence in this case makes it clear that the commissioner and the state board reached a correct result. It would be intolerable to permit a public official of good repute to be dismissed from office on the testimony of one who had been convicted of perjury, in the face of the officer's denial.

3. The action of the state board setting aside the removal of Schwarzrock has the effect of a judgment and a *mandamus* will issue in a proper case. *Thompson* v. *Board of Education*, 57 *N. J. L.* 628. The alternative writ in the present case avers that Schwarzrock was appointed supervisor for three years at a salary of $1,800; that after his wrongful dismissal he was always ready and willing to perform his duties until July 1st, 1916 (the expiration of his term), and that the local board refused to allow him to do so; that they refused to pay him the sum due as salary, $3,000; that there are funds in the hands of the commissioner of finance and the custodian of the school funds applicable to the payment of said sum of $3,000. These averments are admitted by the demurrer. Perhaps the defendant meant to challenge the averments by

the reasons, but it is a mistake to say, as in reasons three and four, that the writ does not show that the amount claimed is in possession of respondents, and that it does not show that the respondents are in possession of moneys applicable to the payment required by the writ. The writ does show these facts. If the defendants meant to traverse the averments they should not have demurred. I cannot distinguish the present case from *Thompson* v. *Board of Education, supra.* The writ should go. While it prays relief in the alternative, that was proper in view of the relator's uncertainty whether there were funds in hand to meet his claim. In view of the admission of that fact, I see no reason why the peremptory *mandamus* should not command the drawing of a salary warrant upon the custodian and the payment by the custodian, or other proper officer. The relator is entitled to costs.